```
        UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF MISSISSIPPI
              JACKSON DIVISION
```

NORA SOUTHERN                                          PLAINTIFF

VS.                             CIVIL ACTION NO. 3:10CV115TSL-FKB

JESSIE C. ETHRIDGE,
                                                       DEFENDANT

MEMORANDUM OPINION AND ORDER

On February 19, 2010, plaintiff Nora Southern filed her pro se complaint in this court against James C. Ethridge, M.D., Mississippi Baptist Medical Center, Mississippi Pathology Associates, Mississippi Surgical Center LLC and Mississippi Surgical Center Limited Partnership, asserting state claims of medical malpractice and for intentional infliction of emotional distress, and also purporting to assert claims under Title VII, 42 U.S.C. § 2000e, various civil rights statutes, including 42 U.S.C. §§ 1981, 1983, 1985 and 1986, and for violations of the Eleventh, Thirteenth and Fourteenth Amendments to the United States Constitution. Defendants Mississippi Surgical Center and Mississippi Surgical Center Limited Partnerships responded to the complaint by filing their separate motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Therein, they assert that plaintiff's complaint against them is due to be dismissed (1) since their only involvement in this case is the

fact that Mississippi Surgical Center was the facility in which one of plaintiff's surgeries was performed, and since plaintiff has made no factual allegation of any sort against them in support of her medical malpractice or intentional infliction of emotional distress claims, or in support of any other putative cause of action; (2) since plaintiff's claims are time-barred, having been brought more than three years after the date on which said surgery was performed, see Miss. Code Ann. § 15-1-36 (providing that medical malpractice claim must be brought "within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered"), and Jones v. Fluor Daniel Servs. Corp., No. 2008-CA-00456-SCT, 2010 WL 548232, 6 (Miss. Feb. 18, 2010) (holding that "the tort of intentional infliction of emotional distress ... carries a one-year statute of limitations"); and (3) since plaintiff failed to provide the notice required by Mississippi Code Annotated § 15-1-36(15) (providing that "[n]o action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action."). Plaintiff Nora A. Southern, pro se, has filed what is obviously intended as her response to these motions,[1] and the court, having now considered

---

[1] On March 25, 2010, plaintiff filed what is styled a "Motion for Reconsideration," in which she purports to respond to the pending motions to dismiss.

2

the parties' memoranda of authorities, concludes these defendants' motions are well taken and should be granted.

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief. See Wright & Miller, Federal Practice and Procedure: Civil 3d § 1356 (2004). With the limited exception of those cases described in Rule 9, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). However, as the Supreme Court has recently made clear, while Rule 8 is not exacting, it does "require[] a 'showing,' rather than a blanket assertion, of entitlement to relief," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n.3, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), so that to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain enough factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 561-62, 127 S. Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A

complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 559, 127 S. Ct. 1955.

In the case at bar, plaintiff's complaint is accurately described by the moving defendants as completely lacking in any factual allegation of any sort against them, and for this reason, her complaint against them will be dismissed.[2]

SO ORDERED this 30th day of April, 2010.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[2] It also appears that plaintiff's complaint against these defendants is time-barred in any event, and further, there is no indication that plaintiff provided the notice required by Miss. Code Ann. § 15-1-36.