UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                         JACKSON DIVISION


NORA SOUTHERN                                           PLAINTIFF

VS.                            CIVIL ACTION NO. 3:10CV115TSL-FKB

JESSIE C. ETHRIDGE, M.D.                               DEFENDANTS
MISSISSIPPI BAPTIST MEDICAL CENTER,
MS PATHOLOGY ASSOCIATES AND
MS SURGICAL CENTER


                  MEMORANDUM OPINION AND ORDER

     On February 19, 2010, plaintiff Nora Southern filed her pro
se complaint in this court against James C. Ethridge, M.D.,
Mississippi Baptist Medical Center, Mississippi Pathology
Associates, Mississippi Surgical Center LLC and Mississippi
Surgical Center Limited Partnership.  Defendant Jesse C.
Etheridge, M.D. has now filed a motion to dismiss, urging that the
complaint is due to be dismissed because it fails to state a claim
over which this court has subject matter jurisdiction pursuant to
Rule 12(b)(1) of the Federal Rules of Civil Procedure, or,
alternatively, that it fails to state a claim over which relief
may be granted pursuant to Rule 12(b)(6).  Plaintiff opposes the
motion, and the court, having considered the parties' memoranda
and submissions, concludes that the motion is well taken and
should be granted.[1]

_____

     [1]    On April 30, 2010, the court granted the motion of
defendants Mississippi Surgical Center and Mississippi Surgical
Center Limited Partnership to dismiss for failure to state a claim
upon which relief may be granted.  On June 3, 2010, plaintiff,

From a reading of plaintiff's complaint, it can be gleaned that Southern charges that after Dr. Etheridge performed a medical procedure on her, she suffered complications which had to be addressed by another doctor.  On this factual basis, Southern purports to set forth state law claims of medical malpractice and intentional infliction of emotional distress.  The complaint also purports to assert claims under Title VII, 42 U.S.C. § 2000e, various civil rights statutes, including 42 U.S.C. §§ 1981, 1983, 1985 and 1986, and for violations of the Eleventh, Thirteenth and Fourteenth Amendments to the United States Constitution.

In support of his motion, Etheridge cites <u>Southpark Square Ltd. v. City of Jackson</u>, 565 F.2d 228 (5th Cir. 1977), for the proposition that

> In federal question cases under § 1331, "where the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions . . . must entertain the suit".  <u>Bell v. Hood</u>, 327 U.S. 678,

---

having filed several motions to reconsider the court's opinion, also filed a notice of appeal, purporting to appeal the decision. As final judgment has not been entered and as the court has not granted plaintiff leave to file an interlocutory appeal, the court's decision is not an appealable order and plaintiff's June 30, 2010 notice of appeal did not divest this court of jurisdiction in this case.  The Fifth Circuit has stated that "filing a notice of appeal from a nonappealable order should not divest the district court of jurisdiction...." <u>United States v. Hitchmon</u>, 602 F.2d 689, 694 (5th Cir. 1979), <u>superceded by statute on other grounds</u>.  The court explained: "The contrary rule leaves the court powerless to prevent intentional dilatory tactics, forecloses without remedy the nonappealing party's right to continuing trial court jurisdiction, and inhibits the smooth and efficient functioning of the judicial process." <u>Id.</u>

> 681–82, 66 S. Ct. 773, 776, 90 L. Ed. 939 (1946).  The
> two exceptions are where the federal question "clearly
> appears to be immaterial and made solely for the purpose
> of obtaining jurisdiction or where such a claim is
> wholly insubstantial and frivolous."

On the question of substantiality, Etheridge asserts that because

discrimination in the enforcement of a contract for medical

services is theoretically possible, the court has subject matter

jurisdiction and can properly turn its attention to the substance

or lack thereof of plaintiff's claims.  The court agrees.

The purpose of a motion to dismiss pursuant to Federal Rule

of Civil Procedure 12(b)(6) is to test the formal sufficiency of

the statement of the claim for relief.  See Wright & Miller,

Federal Practice and Procedure: Civil 3d § 1356 (2004).  With the

limited exception of those cases described in Rule 9, a complaint

need only satisfy the "simplified pleading standard" of Rule 8(a),

which requires a "short and plain statement of the claim showing

that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).

See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, 122 S. Ct.

992, 152 L. Ed. 2d 1 (2002).  However, as the Supreme Court has

recently made clear, while Rule 8 is not exacting, it does

"require[] a 'showing,' rather than a blanket assertion, of

entitlement to relief," Bell Atl. Corp. v. Twombly, 550 U.S. 544,

556 n.3, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), so that

to survive a motion to dismiss under Rule 12(b)(6), "a complaint

must contain enough factual matter, accepted as true, to 'state a

3

claim to relief that is plausible on its face,'" <u>Ashcroft v.</u> <u>Iqbal</u>, --- U.S. ----, ----, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009) (quoting <u>Twombly</u>, 550 U.S. at 561-62, 127 S. Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>   A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 559, 127 S. Ct. 1955.

Examining the federal claims, it is clear that Southern's failure to allege the existence of an employment relationship dooms her Title VII claim.   <u>See</u> 42 U.S.C. § 2000e-2(a)(1) (under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin"). Regarding plaintiff's putative § 1981 claim, even assuming that she had sufficiently alleged that she is African American,[2] the complaint is devoid of any allegation that Etheridge either had the intent to discriminate against her on the basis of her race or that any such discrimination concerned the making and enforcing of

---

[2]     While the complaint is devoid of any allegation as to plaintiff's race, by her response to the motion, plaintiff maintains that Etheridge is aware that she is African American.

4

a contract.  See Bellows v. Amoco Oil Co., 118 F.3d 268, 274 (5th Cir. 1997) ("To establish a section 1981 claim, the plaintiff must show that (1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute; in this case, the making and enforcing of a contract.").

Plaintiff's § 1983 claim predicated on an alleged violation of the Fourteenth Amendment fails based on the lack of an allegation that Etheridge is a state actor or that his conduct has any nexus to state action, see Morris v. Dillard Dept. Stores, Inc., 277 F.3d 743, 748 (5th Cir. 2001) (to state a viable claim under § 1983 against any private defendant, conduct of the private defendant that forms the basis of the claimed constitutional deprivation must constitute state action under color of law, which requires "such a close nexus between the State and the challenged action" exists "that seemingly private behavior may be fairly treated as that of the State itself") (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 924, 928-32, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)).[3]  Plaintiff's §§ 1985 and 1986 claims fail

---

[3]     The Eleventh Amendment pertains to suits against the States and provides no right of action to plaintiff.  The Thirteenth Amendment abolished slavery and involuntary servitude. Plaintiff failed to assert any factual allegations in the complaint to the effect that any of the named defendants either enslaved her or "forced [her] to work for the defendant by the use or threat of physical restraint or physical injury, or by the use

based on the lack of an allegation that Etheridge entered into a conspiracy or that he acted pursuant to any racial animus against her.  See Bryant v. Military Department of Mississippi, 597 F.3d 678 (5th Cir. 2010) ("Section 1985(1) prohibits conspiracies to prevent, by force, intimidation, or threat a federal officer from discharging his duties or to injure him because of his lawful discharge of his duties.  Section 1985(2) prohibits conspiracies to deny any citizen equal protection of the laws or to injure a citizen for his efforts to ensure the rights of others to equal protection.  Section 1986 penalizes those with knowledge of and the power to prevent § 1985 conspiracies who fail to do so.") (citing 42 U.S.C. §§ 1985 and 1986).

Defendant further urges that the court, in the exercise of its supplemental jurisdiction, should dismiss plaintiff's state law medical malpractice claim and her claim for intentional infliction of emotional distress.  With regard to the medical malpractice claim, defendant asserts (and plaintiff does not dispute) that she failed to provide the statutory notice required by Mississippi Code Annotated § 15-1-36(2)("[n]o action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action"), and

or threat of coercion through law or the legal process."  Channer v. Hall, 112 F.3d 214, 217 (5th Cir. 1997) (assuming arguendo that Thirteenth Amendment gave rise to direct cause of action).

plaintiff's claim is subject to dismissal based on this failure.
Plaintiff has offered no evidence to the contrary and therefore,
the court concludes that this claim should be dismissed.  The
court also concludes that plaintiff's claim for intentional
infliction of emotional distress should be dismissed, as it is
barred by a one-year statute of limitation.  See Jones v. Fluor
Daniel Servs. Corp., No. 2008-CA-00456-SCT, 2010 WL 548232, 6
(Miss. Feb. 18, 2010) (holding that "the tort of intentional
infliction of emotional distress ... carries a one-year statute of
limitations").  Crediting plaintiff's assertion that she did not
know and could not have known of the deficiencies of Etheridge's
care until she saw another physician in March 27, 2008, to have
been timely filed, plaintiff should have filed her complaint by
March 27, 2009.  Plaintiff did not file suit until February 2010.

Finally, the record further reflects that defendants
Mississippi Baptist Medical Center and Mississippi Pathology
Associates have not been served with process.  Given that more
than 120 days have passed since the filing of the complaint on
February 19, 2010, these defendants are subject to dismissal under
Rule 4(m) of the Federal Rules of Civil Procedure.  Moreover,
where the complaint purports only to hold these defendants liable
because they allegedly employed defendant Etheridge, and where, as
set forth above, defendant Etheridge is not subject to liability,

Mississippi Baptist Medical Center and Mississippi Pathology Associates are likewise entitled to dismissal on the merits.

Based on the foregoing, it is ordered that defendant Etheridge's motion to dismiss for failure to state a claim is granted.  It is further ordered that defendants Mississippi Baptist Medical Center and Mississippi Pathology Associates are dismissed.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 30th day of September, 2010.


                                   /s/ Tom S. Lee
                                   UNITED STATES DISTRICT JUDGE